IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KATHRINE CAYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 15-1321-JAR |
| | ) |
| CAROLYN W. COLVIN, | ) |
| ACTING COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court for review of the final decision of Defendant Commissioner of Social Security denying Plaintiff Kathrine Cayer's application for supplemental security income under Title XVI of the Social Security Act.[1] Because the Court finds that Defendant Commissioner's findings are not supported by substantial evidence, the Court reverses Defendant's decision.

### I.  Procedural History

On January 27, 2012, Plaintiff protectively applied for supplemental security income, alleging an onset date of March 1, 1994, which she later amended to January 27, 2012. Plaintiff's applications were denied  initially and upon reconsideration; after a hearing, the ALJ issued a decision finding that Plaintiff was not disabled and the Appeals Council denied plaintiff's request for review.  Plaintiff then sought judicial review.

### II.  Standard for Judicial Review

Judicial review under 42 U.S.C. § 405(g) is limited to whether Defendant's decision is

---

[1] 42 U.S.C. §§ 1381-1383f.

supported by substantial evidence in the record as a whole and whether Defendant applied the correct legal standards.[2] The Tenth Circuit has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3] In the course of its review, the court may not re-weigh the evidence or substitute its judgment for that of Defendant.[4]

### III. Legal Standards and Analytical Framework

Under the Social Security Act, "disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment."[5] An individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."[6] The Secretary has established a five-step sequential evaluation process to determine whether a claimant is disabled.[7] If the ALJ determines the claimant is disabled or not disabled at any step along the way, the evaluation ends.[8]

---

[2] *See Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015).

[3] *White v. Barnhart*, 287 F.3d 903, 904 (10th Cir. 2001) (quoting *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).

[4] *Id.*

[5] 42 U.S.C. §§ 423(d)(1)(A); 416(i); 1382c(a)(3)(A).

[6] *Id.* §§ 423(d)(2)(A); 1382c(a)(3)(B).

[7] *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993).

[8] *Id.*

Plaintiff does not challenge the ALJ's determination at step one that Plaintiff has not engaged in substantial gainful activity[9] since January 27, 2012, the date of the application. Nor does Plaintiff challenge the ALJ's determination at step two that Plaintiff has medically "severe" impairments: osteoarthritis of the left ankle, rule-out multiple sclerosis, depression and anxiety. Nor does Plaintiff challenge the ALJ's determination of step three that Plaintiff's impairments do not meet or medically equal a listing.

But Plaintiff challenges the ALJ's determination of Plaintiff's mental Residual Functional Capacity ("RFC"), which Plaintiff argues is erroneous in that the ALJ inexplicably failed to include limitations in certain medical opinions to which he gave substantial or significant weight.

**IV.     Discussion**

The ALJ found that Plaintiff has the RFC to perform a range of light work, or:

work requiring lifting and/or carrying 20 pounds occasionally and 10 pounds frequently, standing and/or walking 6 hours in an 8-hour workday, and sitting 6 hours in an 8-hour workday. The claimant can perform work that does not require crawling, climbing ladders, ropes or scaffolds, or exposure to extreme cold and hazards (heights or around machinery with exposed moving parts). The claimant can perform simple, routine tasks that require no more than occasional interaction with coworkers and the general public.

At issue is the mental portion of the RFC, which provides that Plaintiff can perform simple, routine tasks that require no more than occasional interaction with coworkers and the general public. Notably, the ALJ relied upon four opinions in rendering the mental portion of the RFC. He expressly gave "substantial weight" to the opinions of Stanley Mintz, Ph.D. and Jerrod Steffan, Ph.D., both of whom performed consultative mental examinations of Plaintiff;

---

[9]*See Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988).

and he expressly gave "significant weight" to the opinions of Lauren Cohen, Ph.D. and Richard Maxfield, Ph.D., both of whom are state agency psychologists who did not examine Plaintiff, but who reviewed the records.

Despite giving these various opinions substantial or significant weight, the ALJ did not include in the RFC Dr. Steffan's opinion that Plaintiff would have difficulty responding appropriately to supervisors and difficulty in adapting to a regular work environment. Nor did the ALJ include in the RFC the opinions of Drs. Cohen and Maxfield that Plaintiff could perform one-two step instructions. Instead, the RFC limits Plaintiff to simple routine tasks, something which the vocational expert testified is not the same as one-two step instructions. Indeed, the vocational expert testified that for someone who is limited to one-two step instructions, there are very few jobs in the economy.

To be sure, the determination of the RFC is left to the ALJ,[10] not the examining or reviewing physicians.[11] And, the ALJ need not adopt all the limitations in any opinion, even an opinion accorded substantial or significant weight.[12] But the ALJ must explain why he excluded some of the limitations included in the opinion, so that this Court can meaningfully review that decision. Here, for example, the ALJ adopted the opinion of Drs. Cohen and Maxfield, according them "significant" weight, that Plaintiff must be limited to jobs with only occasional interaction with the public and co-workers. But the ALJ did not adopt their opinion that Plaintiff

---

[10] SSR 96-5P, 1996 WL 374183, at *2 (July 2, 1996).

[11] *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004).

[12] *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) ("there is no requirement in the regulations for a direct correspondence between [a residual functional capacity] finding and a specific medical opinion on the functional capacity in question.")).

was limited to jobs requiring one-two step instructions; instead the ALJ concluded that Plaintiff was limited to simple, routine tasks. This is a significant difference, for as the vocational expert testified, there are very few jobs in the economy that allow for one-two step instructions.

Defendant argues that the ALJ must have concluded that Drs. Cohen and Maxfield really meant to say Plaintiff could perform simple, routine tasks. But the ALJ did not express that, and the Court will not speculate as to why the ALJ did not include the one-two step instruction limitation as opined by Drs. Cohen and Maxfield.

The ALJ also did not explain why he adopted Dr. Steffan's opinion, which he accorded "substantial" weight, that Plaintiff would have difficulty responding appropriately to coworkers, but did not include Dr. Steffan's opined limitation that Plaintiff would have difficulty responding appropriately to supervisors and would have difficulty adapting to a regular work environment. While the other three psychologists did not render that opinion, the ALJ failed to explain why he excluded those limitations.

Moreover, even Dr. Mintz, who opined that Plaintiff's concentration capacity was intact and that Plaintiff was able to understand simple and intermediate instructions, was equivocal about Plaintiff's ability to work. Dr. Mintz opined that Plaintiff's mental illness symptoms would significantly limit her, and that he was "not sure" if they would fully preclude Plaintiff from employment. Of course the existence of a disability is an ultimate question reserved for the ALJ. But the ALJ's failure to explain how or why he adopted some limitations and excluded others, from four psychologists, two of whom he accorded "substantial weight" and two of whom he accorded "significant" weight, renders this Court incapable of reviewing the ALJ's RFC determination. It also bears noting that the opinions of the two psychologists who actually

examined Plaintiff, Drs. Mintz and Steffan were accorded "substantial" weight, while the opinions of the two psychologists who only reviewed Plaintiff's medical records were accorded "significant" weight, which is presumably heavier weight than "substantial."

"An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional."[13]  The opinions of treating providers are generally accorded more weight than the opinions of non-treating providers.[14]  Furthermore, the opinions of examining providers are generally accorded more weight than the opinions of non-examining providers who merely review medical records.[15]  The ALJ should have explained why in this case he accorded more weight to the opinions of the non-examining providers, Drs. Cohen and Maxfield.

## V.     Conclusion

Because the Court finds that Defendant Commissioner's findings are not supported by substantial evidence, the Court reverses Defendant's decision.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendant's decision denying Plaintiff disability benefits is **REVERSED AND REMANDED pursuant to the fourth sentence of 42 U.S.C. § 405(g).**

**IT IS SO ORDERED.**

Dated: August 9, 2016

---

[13] *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004)(citing 20 C.F.R. § 404.1527(d)).

[14] *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (quoting 20 C.F.R. § 404.1527(d)(2) and citing SSR 96- 2p, 1996 WL 374184, at *5 (July 2, 1996)).

[15] *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987) ("the reports of physicians who have treated a patient over a period of time or who are consulted for purposes of treatment are given greater weight than are reports of physicians employed by the government for the purpose of defending against a disability claim." (quoting *Turner v. Heckler*, 754 F.2d 326, 330 (10th Cir. 1985)).

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE